IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN MCCALLISTER HOOD,<br><br>Petitioner,<br><br>vs.<br><br>FNU ASSISTANT WARDEN GUTIERREZ,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:17CV83DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner John McCallister Hood's 28 U.S.C. § 2241 Habeas Corpus Petition. Petitioner was convicted by a jury in an underlying criminal action in this court, 1:07CR78DS, on April 30, 2009, of possession with intent to distribute fifty grams or more of actual methamphetamine. Petitioner appealed his conviction and his conviction was affirmed by the Tenth Circuit Court of Appeals. The United States Supreme Court denied certiorari on February 22, 2011.

On February 21, 2012, Petitioner filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. Judge Sam denied Petitioner's §2255 motion on June 28, 2012. The Tenth Circuit denied Petitioner a Certificate of Appealability and the United States Supreme Court denied his writ of certiorari.

On June 12, 2017, and July 21, 2017, in the underlying criminal action, Petitioner filed a

motions for emergency hearings for writ of habeas corpus. Judge Sam denied both motions.

Petitioner's § 2241 Habeas Corpus Petition before this court is a new civil lawsuit. Federal habeas corpus relief under 28 U.S.C. § 2241 is available to anyone held in "custody in violation of the Constitution, laws or treaties of the United States. The § 2241 remedy is limited to situations which are not covered by 28 U.S.C. § 2255. A § 2241 petition challenges the legality of a federal prisoner's custody in situations where the § 2255 motion would be inadequate or ineffective. Petitioner has already attacked his sentence under § 2255, and his petition was denied. The § 2255 remedy is not inadequate or ineffective simply because a petitioner has filed a § 2255 motion and failed to obtain relief, or because a petitioner is barred by the statute of limitations. Although Petitioner's § 2241 petitioner attempts to attack his underlying conviction, Petitioner has not demonstrated that a second or successive § 2255 would be barred or that relief under § 2255 would be inadequate or ineffective.

Moreover, Petitioner has named the acting assistant warden of his federal facility as the respondent in his petition. This is the proper person to name to challenge his present custody. However, it also demonstrates that Petitioner has filed his petition in the wrong court. A § 2241 petition must be filed in the district court having territorial jurisdiction over the prison or agency having custody of the petitioner. The proper jurisdiction for Petitioner's § 2241 petition is in his district of confinement. *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district in the district where the prisoner is confined."). Because Petitioner is confined in Arizona, Petitioner must file his petition in Arizona. This court does not

have subject matter jurisdiction over Petitioner's § 2241 petition. Therefore, Petitioner's § 2241 petition is DENIED and DISMISSED for lack of jurisdiction.

DATED this 18th day of October, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge